IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONNA DUKE                                                                                          PLAINTIFF

v.                                       4:24-cv-00530-KGB-JJV

MARTIN O'MALLEY,
Commissioner,
Social Security Administration,                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Chief Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Donna Duke has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work and jobs existed in significant numbers she could perform despite her impairments. (Tr. 20-32.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-two at the time of the administrative hearing.  (Tr. 291.)  She testified she had a tenth-grade education and subsequently earned her general education diploma.  (Tr. 293.)  She has past relevant work as a fast-food worker.  (Tr. 30.)

The ALJ[1] first found Ms. Duke met the disability eligibility requirements to apply for disability insurance benefits through December 31, 2026.  (Tr. 23.)  She has not engaged in substantial gainful activity since March 31, 2021 - the amended alleged onset date.  (*Id.*)  She has

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

a "severe" impairment in the form of "plantar fasciitis." (*Id.*)  The ALJ further found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 25-26.)

The ALJ determined Ms. Duke had the residual functional capacity (RFC) to perform work at the light exertional level but was limited to only occasional climbing, stooping, crouching, kneeling, and crawling.  (Tr. 26.)   Based on his RFC assessment, the ALJ found Plaintiff could perform her past relevant work as a fast-food worker.  (Tr. 30.)  The ALJ also utilized the assistance of a vocational expert to determine if other jobs existed that Plaintiff could perform despite her impairments. (Tr. 317-320.)   The ALJ alternatively moved to Step 5 of the sequential analysis and concluded Plaintiff could also perform the jobs of cleaner, hand packager, and wrapper counter.  (Tr. 31.)   Accordingly, the ALJ determined Ms. Duke was not disabled.  (Tr. 32.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-6.)  Plaintiff filed the instant Complaint initiating this review.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ erred in concluding her mental impairments were not "severe."  (Doc. No. 7 at 15.)  Plaintiff argues:

> Plaintiff had consistent treatment from her primary care providers and behavioral health specialists. (T. 732-737, 980, 1026, 1107, 1100-1106, 1115, 1107-1111, 1216, 1326-1333). Thereafter, she established a longstanding treating relationship with a mental health clinic. (T. 33F, 37F, T. 162-284). Those records show that anxiety, panic attacks, and excessive worry contribute to difficulty concentrating and social isolation; that she is very uncomfortable with conflict and does not communicate well in that situation; and that certain situations trigger PTSD symptoms. This undoubtedly proves that the impairments are severe. The ALJ's decision ignores the significantly abnormal screening exams that her provider administered, which were extensive. (T. 1297-1301). He also stated that her depression screening was mild (T. 24) but ignored other screenings when her PHQ9 and GAD7 scores were elevated. (T. 1189, 1200, 1216-1217, 1297-1298). He

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

ignored her provider's notes that consistently said she was only minimally improving. (Ex. 33F, 37F, T. 162-284). This cherry picking of the evidence is unacceptable.

(*Id.*)

On this point, the ALJ concluded:

The claimant's medically determinable mental impairments of anxiety disorder, PTSD, and depressive disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere. The record also makes reference to one instance of an adjustment disorder and the claimant alleged learning disability which the undersigned finds both non-severe at best based on the evidence of record or lack thereof. The claimant went to therapy and mental status exams were normal with euthymic mood (Exhibits 23F/43; 33F; 37F/3, 7, 11). Psychiatric exams were also normal with euthymic mood and normal affect (Exhibits 34F/5; 36F/16). A depression screening score revealed mild depression (Exhibit 11F/12).

(Tr. 13.)

I have carefully reviewed the medical evidence on this issue, and I find no basis to overturn the ALJ's finding. Plaintiff's argument largely rests on her diagnoses and her history of receiving mental health treatment. I recognize that Plaintiff has received some serious diagnoses. But a diagnosis is not *per se* disabling. There must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. Here, the ALJ properly focused on Plaintiff's ability to function despite her diagnoses. The treatment records also support the ALJ's step-two analysis. (108, 168, 175-176, 1110-1111, 1159-1160, 1226, 1303, 1323-24, 1328, 1335-36, 1340, 1344, 1347-48, 1351-52, 1355-56, 1359-1360, 1364, 1368, 1372, 1378, 1399, 1419, 1428, 1432, 1436).

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at

4

1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Here the ALJ could correctly determine her mental impairments were non-severe.  While Plaintiff makes fair arguments, I find the ALJ's step-two decision to be supported by substantial evidence.

Ms. Duke also argues that the ALJ erred in analyzing the medical opinions in this case. (Doc. No. 7 at 16-18.)  Plaintiff argues that the ALJ incorrectly found the state agency medical consultants to be persuasive when their opinions had not considered all her medical records.  (*Id.* at 16.)  But I have reviewed these records from Hope & Healing and find no reversible error here. I find the Commissioner's argument on this point to be highly persuasive.  (Doc. No. 11 at 7-8.)

I note that treatment records from Hope & Healing report somewhat dire Clinical Global Impressions.  The treatment records routinely state, "Comparing their current condition versus that at intake, this patient's condition is minimally improved since the initiation of treatment. Depression and Anxiety, difficulty with conflict and communication, loss of employment, financial issues. Behavioral issues with her son and increased PTSD symptoms due to triggers.

Increase in anxiety and continual physical pain. Very emotional, increase in anxiety and depression. Discussed possibility of med eval." Yet, on examination, Plaintiff showed no limitation. (*e.g.* Tr. 167-168.) This is to not say that Plaintiff was often experiencing stressful or anxious times. (*e.g.* Tr. 1289-1321.) Nevertheless, I find no basis to reverse on this point.

Plaintiff takes exception to the ALJ's analysis of her treatment providers, Stephanie Flynn, LCSW and William Z. Goza, APRN. (Doc. No. 7 at 16-17.) Regarding Ms. Flynn, the ALJ concluded:

> The undersigned does not find this opinion persuasive. These opinions are not supported by the normal mental status exams with negative depression screenings, normal cognitive functioning, and routinely normal psychiatric findings (Exhibits 1A/4; 5A/3-4; 11F/12; 23F/43; 33F; 34F/5; 36F/16; 37F/3, 7, 11). The opinions are not supported by the function report indicating it is the physical limits affecting her ability to work and that she cares for her son, prepares meals, does household chores, drives alone, shops, manages finances, has problems getting along with others due to pain, and is good with stress and change (Exhibits 5A/5; 11E). It is not consistent with the opinions of the state agency psychological consultants which the undersigned finds more persuasive (Exhibits 1A and 5A).

(Tr. 29.)

About Mr. Goza, the ALJ stated:

> William Goza, APRN, indicated the claimant could sit for 45 minutes total in an eight-workday but then indicated the claimant could sit for eight hours in an eight-hour workday (Exhibits 28F/2; 36F/41). Further, he indicated the claimant could stand and walk for 20 minutes total but then subsequently indicated the claimant could stand and walk for eight hours in an eight-hour workday, which is essentially consistent with the exertional demands of light work (Exhibit 28F/2). He also indicated the claimant could occasionally lift and carry up to 20 pounds and continuously lift and carry up to 10 pounds, which is consistent with the exertional demands of light work (Exhibit 28F/2). He indicated the claimant would miss about four days per month, needed to elevate her feet during the day, needed to recline or lie down during the day, and required the use of an assistive device to stand/ambulate (Exhibit 28F/3). The undersigned does not find this opinion fully persuasive. The opinion is internally inconsistent. Portions of the opinion are consistent with light work but portions are consistent with less than sedentary work. The undersigned finds light work persuasive but not the remainder of the opinion. The opinion does indicate any objective medical findings in support of such extreme limitations and appears to rely solely on the claimant's subjective

complaints. The opinion is not consistent with the claimant's own hearing testimony that she does not use an assistive device outside of the house (Hearing Testimony). Goza attempts to clarify in another medical source statement that the claimant can only stand for 20 minutes at a time during an eight-hour day but still circled the same limitations as indicated above without objective findings in support (Exhibits 32F and 39F). Goza has other restrictions requesting the employer allow seated breaks as needed for chronic pain (Exhibit 36F/38). This is vocationally vague and reported by Goza underneath the option "to return to regular duties" and not under the option for "to return to restricted activities with restrictions" (Exhibit 36F/38). The opinions of Dr. Goza are not consistent with the opinions of the state agency medical consultants though the undersigned finds the claimant more limited than the state agency medical consultants provide (Exhibits 1A and 5A). The opinions are not supported by the claimant's reports that her pain was managed with current medication regimen; that most treatment goals were being met with current treatment regimen; and that she was merely advised to increase home exercise and core musculature strengthening (Exhibit 38F/20).

The ALJ's opinion here is well supported by the record.  While Plaintiff surely disagrees, I find no reversible with his analysis.

I have carefully considered Plaintiff's other arguments and find them to be without merit.  There is substantial evidence to support the Commissioner's decision.  Plaintiff's own testimony was not persuasive on the question of her disability.  When asked about her past work, Plaintiff testified:

> I had lost my job at the Delta Crawfish.  They had closed down for a short period of time during the down season, and I was not called back to work when they reopened. . . . I was kind of just like extra help for them since I couldn't really do a lot, and they were unsure of how busy they were going to be, so they kind of had cut down their staff.

(Tr. 292-293.)

Plaintiff had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

7

*see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel for both sides have done admirable work on behalf of their clients. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 6th day of December 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE